UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIKLOS DANIEL BRODY,<br><br>Defendant. | Case No. 22-cr-00168-WHO-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT OR AMEND SENTENCE** |

Defendant Miklos Daniel Brody seeks three corrections to his sentence: the restitution amount; a condition for supervised release requiring him to enroll in Probation's computer monitoring program; and a condition for supervised release requiring him to warn his future employer about restrictions on his computer use. Dkt. No. 229. The government's response accurately describes why the motion lacks merit. Dkt. No. 235. Brody's motion is DENIED.

Briefly, Brody wants the restitution amount of $529,266.37 to be reduced to $525,236.59. The higher number was correctly calculated based on the Kraus supplemental declaration, which I found to be persuasive. *See* Dec. 11, 2023 Hearing Tr. [Dkt. No. 222] at 5-6. The total amount was discussed and approved at the hearing. *See id.* at 10-11.

Supervised Release Special Condition No. 4 accurately reflects what I ordered at the hearing. Probation will not install monitoring software on employers' computers, as the officer indicated at the hearing. *See id.* at 64-65.

Supervised Release Special Condition No. 5 gives Probation the discretion to require the defendant to warn his employer of restrictions on his computer use. This protects the public in the event there is a risk of harm to the employer or third-party. This condition was not objected to at the sentencing hearing, nor would the objection have been sustained if it had been made timely. It

1    is appropriate in this case.

2      For these reasons, Brody's motion is DENIED.

3      **IT IS SO ORDERED.**

4    Dated: January 29, 2024



William H. Orrick
United States District Judge