ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SHINING J. HSU (CABN 317917)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7022
    Fax: (415) 436-6570
    Email:  Shining.Hsu@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MIKLOS DANIEL BRODY, <br><br> Defendant, <br><br>——————————————— <br> CHARLES SCHWAB & CO., INC., AS SUCCESSOR IN INTEREST TO TD AMERITRADE, INC., <br><br> Garnishee. | CASE NO. CR 22-00168-001 WHO <br><br> **APPLICATION FOR WRIT OF CONTINUING GARNISHMENT** <br><br> (FINANCIAL ACCOUNT) |

     Plaintiff United States of America makes this application ("Application") pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205(b)(1), to the United States District Court to issue a Writ of Continuing Garnishment upon the judgment entered against the defendant-judgment debtor Miklos Daniel Brody ("Defendant"), for property now held by Charles Schwab & Co., Inc., as Successor in Interest to TD Ameritrade, Inc. (the "Garnishee").  The United States submits this Application for Writ of Continuing Garnishment, Declaration of Zarinah Holland in Support of the

Application, and Clerk's Notice and Instructions to Defendant. These documents are being filed pursuant to 28 U.S.C. § 3004(c), which permits the United States to serve documents effecting a post-judgment remedy on a debtor "[a]t such time as counsel for the United States considers appropriate, but not later than the time a prejudgment or postjudgment remedy is put into effect under this chapter…." A proposed Order Granting Application for Writ of Continuing Garnishment and a proposed Writ of Continuing Garnishment have been lodged with this Application.

## RECITALS

1. The Federal Debt Collection Procedures Act ("FDCPA") provides the exclusive civil procedures for the United States to "recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). These procedures include seeking a writ of garnishment from the Court. 28 U.S.C. § 3205.

2. Defendant resides at U.S. Penitentiary Lompoc, 3901 Klein Blvd., Lompoc, CA 93436.

3. Defendant is indebted to the United States in the original amount of $530,566.37, arising out of a Judgment in a Criminal Case (the "Judgment") entered on January 3, 2024, in the above-captioned matter. (Dkt. No. 225.)

4. As of the date of this Application, the Defendant has been credited with a total of approximately $126,300.00 towards the judgment debt. Declaration of Zarinah Holland in Support of Application for Writ of Continuing Garnishment ("Holland Decl."), ¶ 4.

5. As of March 26, 2024, there is a balance of $409,835.81 due on the judgment debt, comprised of $300.00 in assessment, $1,000.00 in fine, and $529,266.37 in restitution principal. Interest accrues at the rate of 4.88%. ("Holland Decl."), ¶ 5. The United States seeks to recover this amount plus the statutorily authorized litigation surcharge of ten percent (10%) of the unpaid restitution balance ($40,983.58). 28 U.S.C. § 3011(a). Thus, the total amount sought by this writ is $450,819.39.

6. The restitution judgment issued against Defendant in the above referenced case is immediately enforceable by the United States pursuant to the Mandatory Victims Restitution Act ("MVRA"). 18 U.S.C. § 3664(m)(1)(A)(i); 18 U.S.C. § 3613(f).

7. Under the MVRA, the United States may enforce the order of restitution "against all property or rights to property" of Defendant, subject to certain limited exceptions. 18 U.S.C. § 3613(a), (f); 18 U.S.C. § 3664(m)(1)(A)(i). Section 3613(c) specifically provides that the imposition of a fine or

1  restitution obligation gives rise to a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code. 18 U.S.C. § 3613(c).

8. The United States Attorney General through the United States Attorney's Offices is entitled to enforce Defendant's judgment through federal or state civil procedures. See 18 U.S.C. § 3613(a). These procedures include seeking a writ of garnishment from the Court pursuant to the FDCPA, 28 U.S.C. §3205. The FDCPA provides the exclusive civil procedures for the United States to "recover a judgment on a debt." 28 U.S.C. § 3001(a)(1).

9. In accordance with the above authority, the United States may enforce the criminal judgment against all of Defendant's property, unless the property is specifically exempted by the statute.[1] 18 U.S.C. § 3613(a).

10. The Financial Litigation Program ("FLP") of the United States Attorney's Office for the Northern District of California conducts reviews of defendants' ability to pay and investigates their assets. *See* Holland Decl., ¶ 6. In the course of FLP's investigation, the FLP found the Defendant has financial accounts with different companies. *Id*.

11. On or about January 17, 2024, the FLP sent a Notice of Third-Party lien to TD Ameritrade, Inc., notifying it of the United States' judgment lien against Defendant. Holland Decl., ¶ 7, Ex. "A". On or about January 23, 2024, Garnishee responded, acknowledging Charles Schwab & Co., Inc., as Successor in Interest to TD Ameritrade, Inc., and indicated that Defendant owns an Individual Account at Garnishee, which bears an account number ending in -7908 and contains approximately $35,328.90 in securities and approximately $10,131.92 in cash, totaling a net approximate value of $45,370.82. *Id.*, Ex. "B".

12. On or about January 22, 2024, the United States demanded payment of the judgment debt from Defendant. Holland Decl., ¶ 8, Ex. "C". Thus, the United States has demanded

//

---

[1] The only categories of property that are exempt by law from enforcement of a criminal restitution order are (1) some, but not all of the properties exempt from levy for federal tax obligations, and (2) 75% of disposable weekly or monthly wages. *See* 18 U.S.C. § 3613(a)(1), incorporating 26 U.S.C. §§ 6334(a)(1) - (a)(8), (a)(10), and (a)(12).

APPLICATION FOR WRIT OF CONTINUING GARNISHMENT
CR 22-00168-001 WHO                              3

payment of the judgment debt not less than 30 days prior to the date of this Application, and Defendant has failed to satisfy the debt. *See* 28 U.S.C.§ 3205(b)(1)(B).

13. The United States thus believes that the Garnishee has possession of property in which the Defendant has a substantial nonexempt interest, including, but not limited to, the account bearing the number ending in -7908. *See* Holland Decl., Ex. "B".

14. The Garnishee's name and address is:

>Charles Schwab & Co., Inc.
>Legal Services (DFW1-02-886)
>3000 Schwab Way
>West Lake, TX 76262

WHEREFORE, the United States of America respectfully requests the Court to issue a Writ of Continuing Garnishment to the Garnishee in accordance with the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001 *et seq*.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: March 26. 2024   By:   */s/ Shining J. Hsu*
SHINING J. HSU
Assistant United States Attorney