UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22-cr-00168-WHO-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING REQUESTS FOR CONTINUANCE AND APPOINTMENT OF COUNSEL FOR CIVIL RESTITUION** |
| MIKLOS DANIEL BRODY, | |
| Defendant. | Dkt.Nos. 270 and 271 |

On May 6, 2024, defendant Miklos Daniel Brody requested a continuance of the garnishment proceedings against him for 90 days. Dkt. No. 270. He indicated that he was in solitary confinement and lacked access to a computer. He also said that he received unspecified pleadings from the government on May 1, 2024. The amount of delay he has requested is unnecessary. Forty days have now elapsed since his receipt of the government's pleadings. He has had ample time to file any papers he thinks are appropriate, and there is nothing new pending on the docket except his request for the appointment of counsel. His motion for a continuance is DENIED.

On June 3, 2024, Mr. Brody moved for the appointment of counsel for the on-going civil restitution matters. Dkt. No. 271. There is no right to counsel in civil cases. The decision to request counsel to represent an indigent litigant is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.

2004).  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice.  Across the United States in 2020, unrepresented prisoners filed almost 8000 cases, roughly 16.65% of all new civil filings.  United States Courts for the Ninth Circuit, 2020 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications /AnnualReport2020.pdf.  The high percentage of civil litigants who cannot afford counsel threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands.  That said, I follow controlling precedent to determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

Mr. Brody has not shown that exceptional circumstances exist.  I know from my experience with his case that he is intelligent.  His filings are clear.  The garnishment and restitution proceedings do not present complex legal issues.  His motion for the appointment of counsel is DENIED.

**IT IS SO ORDERED.**

Dated: June 10, 2024



William H. Orrick
United States District Judge

2